Bobirs or, J.
The parties occupy the same position here as occupied in the trial court and will be referred to as they appeared in the court of common pleas.
The record discloses that the plaintiff, a boy of some 11 years, was injured by the negligent opera *206 tion of an oil truck. The whole controversy centers around the ownership of the truck, the relationship of its operator to the owner, and the purpose for which it was being operated.
The eyewitnesses to the injury, produced at the trial, consisted of the plaintiff, two companions of about his own age, and the witness Ben Katobsky.
The plaintiff and his two companions gave no testimony tending to establish the ownership of the truck. Their testimony, beyond describing the conduct of the driver of the truck, tended to establish negligence and to prove that the truck was an oil truck, but did not tend in any degree to prove either the ownership of the truck by the defendant or that it was being operated in its behalf.
The witness Katobsky testified that the truck bore upon the tank the name “Lubric Oil,” and other words which he did not get. Before he left the stand, however, he testified that he recognized the words “The Lubric” and. did not see the word “Oil.”
The vice-president of the defendant was called for cross-examination and testified that at the time of the accident the defendant owned a number of oil trucks, which bore the name “The Lubric Oil Company;” that when the trucks were not in use they were kept upon the company’s premises, and, so far as he knew, the drivers of the trucks were not permitted to drive the trucks home with them; and that on some Sundays some of the trucks were operated in furtherance of the business of the company and on some Sundays none was so operated. His description of the trucks did not substantially differ from the description of the witness Katobsky.
*207 There was no other evidence upon the subject of the ownership of the truck, by whom operated, or in whose behalf it was operated at the time.
A motion was made at the close of plaintiff’s evidence to direct a verdict for the defendant, which was overruled; defendant offering no evidence, the cause proceeded to the jury.
The question here is whether there was any evidence, or any reasonable inference to be drawn from the evidence, tending to prove that at the time of the injury the truck was being operated by a servant of the company in furtherance of the company’s business.
From the description of the truck, together with the testimony of the witness Katobsky, that the truck bore the name “The Lubric,” we cannot say there was no reasonable inference to be drawn from the evidence tending to prove the ownership of the truck. However, it must be conceded that the evidence, unaided by any inference, would fall short of proof of ownership, and required the inference that the words not seen or not recalled were “Oil Company,” and that the name appearing upon the truck indicated ownership.
It is conceded by the plaintiff that there is no direct evidence upon the subject of the relationship between the driver of the truck and the company, nor upon the subject of the enterprise in which the driver of the truck was engaged at the time of the injury, but it is the claim of plaintiff that since the vice-president of the company testified that the trucks were kept upon the company’s premises when not in use and the employes were not permitted to drive them to their homes, and that since verdicts *208 in civil cases are based upon probabilities, tbe inference may be drawn tbat this truck was being operated by a servant of tbe company and tbat be was in tbe act of making a delivery of the company’s product to one of its distributing stations, or returning therefrom.
Tbis court bas gone perhaps tbe full limit upon tbe subject of scintilla, and bas held tbat if there is a scintilla of evidence upon tbe question in issue tbe question is one for tbe jury, and bas defined a scintilla as any evidence, or reasonable inference which may be drawn from evidence, which tends to prove a question in issue; but it bas not extended tbe doctrine beyond a reasonable inference drawn from a fact supported by evidence.
Tbe evidence in tbis case tends to prove tbat tbe truck bore a part of tbe name of the defendant company, upon which an inference of ownership might be predicated; but upon tbat inference it is sought to predicate tbe inference, tbat, since the truck was owned by tbe defendant, it, at tbe time of tbe injury, was being operated by a servant of tbe defendant, and upon tbat or the same inference it is sought to predicate the further inference tbat it was being operated at tbe time in tbe furtherance of tbe business of tbe defendant.
While it is true tbat a jury in tbe trial of civil cases deals with probabilities, it is limited in tbat respect to tbe ascertainment of tbe probable truth from tbe evidence and reasonable inferences deducible therefrom. An inference presupposes a premise from which it is deduced, and, as applied to evidence, tbe premise is some proven fact. The inference arises out of a process of reasoning, or from *209 common experience, that when certain facts exist, certain other facts usually co-ordinate therewith, but we find no authority for basing an inference upon an inference, and it therefore does not follow that because one essential element of a right to recover may be inferred from proof that all other necessary elements to recover may be inferred therefrom.
In the instant case the jury, in the absence of proof to the contrary, were justified in inferring the ownership of the truck by reason of the name of the defendant being upon it. But upon that inference it could not base an inference that the truck was being operated by a servant of the defendant, or that it was being operated in furtherance of the business of the defendant.
This court would be loath to lay down a rule which would relieve the plaintiff of the burden of proving the essential facts necessary to create liability and impose upon the defendant in the first instance the burden of proving the non-existence of such facts. But, on the contrary, the majority of this court adhere to the rule that before the defendant is put upon his defense the plaintiff must produce some proof of every fact necessary to create a liability, or some proof of a fact from which a reasonable inference may be deduced which tends to create a liability, and that an inference cannot be predicated upon an inference. To sustain the verdict in this case would inquire the enunciation of a rule creating liability upon the part of the master, upon proof of a fact from which the master’s ownership of the truck causing the injury might be inferred, without any proof of the relationship between the operator and the master, and without any proof of the nature *210 of the enterprise in which the operator of the truck was engaged, and would place upon the defendant the burden of proving the non-existence of the relationship of master and servant, and that the truck was not being operated in behalf of the owner. We are not disposed to revolutionize the practice in that respect.
For these reasons the judgment of the court of common pleas must be reversed, and since that court should have directed a verdict this court must enter the judgment which that court ought to have rendered. Judgment will be entered for the defendant in error, The Lubric Oil Company.

Judgment of the common pleas court reversed, and judgment for defendant in error.

Marshall, C. J., Jones and Matthias, JJ., concur